******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

KETTLE BROOK REALTY, LLC *v.* TOWN
OF EAST WINDSOR
(SC 19555)

Rogers, C. J., and Palmer, Eveleigh, Robinson and Mullins, Js.*

*Argued October 18, 2016—officially released January 24, 2017*

*Daniel J. Klau*, with whom, on the brief, was *Jonathan M. Starble*, for the appellant (plaintiff).

*Richard C. Robinson*, with whom were *Laura A. Cardillo* and, on the brief, *Joshua A. Hawks-Ladds*, for the appellee (defendant).

*Opinion*

ROGERS, C. J. This case raises the issue of whether a municipal tax appeal brought pursuant to General Statutes § 12-117a[1] is commenced, for purposes of meeting the limitation period prescribed by that statute, by the filing of the tax appeal with the Superior Court or, rather, upon the service of the appeal on the municipal taxing authority. The plaintiff, Kettle Brook Realty, LLC, appeals from the judgment of the Appellate Court affirming the trial court's dismissal of its tax appeal due to untimeliness.[2] *Kettle Brook Realty, LLC* v. *East Windsor*, 158 Conn. App. 576, 579, 119 A.3d 1276 (2015). The plaintiff claims that, under the plain language of § 12-117a, its appeal was timely commenced upon the filing of its appeal documents in the Superior Court, even though the appeal was not served on the defendant, the town of East Windsor (town), until a date beyond the expiration of the two month appeal period. We disagree and, accordingly, affirm the judgment of the Appellate Court.

The following procedural history is relevant. The plaintiff owns real property in the town. After the property was assessed for purposes of the October 1, 2012 grand list, the plaintiff appealed to the Board of Assessment Appeals of the Town of East Windsor (board) to request a reduction in the property's assessed value. On April 29, 2013, the board denied that request and, on May 1, 2013, the town's assessor mailed notice of the board's decision to the plaintiff.

On June 28, 2013, the plaintiff filed a complaint in the Superior Court, alleging that the property had been overvalued. The complaint was accompanied by a citation and recognizance and bore a return date of July 23, 2013. On July 10, 2013, a marshal served the complaint, citation and recognizance on the town. On July 17, 2013, the marshal filed the return of service with the court. On August 14, 2013, the town filed a motion to dismiss the appeal, arguing that the trial court lacked subject matter jurisdiction because the plaintiff did not serve the appeal papers on the town within the two month period allotted by § 12-117a. After a hearing, the court granted the town's motion and dismissed the appeal.

The plaintiff thereafter appealed from the dismissal of its appeal to the Appellate Court. The Appellate Court agreed with the trial court that the appeal was untimely pursuant to § 12-117a because the plaintiff did not serve the town within two months of the date that the board had mailed notice of its decision denying a change to the assessment of the plaintiff's property. Id. In support of its decision, the Appellate Court relied on its reasoning in the companion case of *Chestnut Point Realty, LLC* v. *East Windsor*, 158 Conn. App. 565, 119 A.3d 1229, cert. granted, 319 Conn. 928, 125 A.3d 203 (2015), which was decided the same day. In *Chestnut Point*

*Realty, LLC*, the Appellate Court, in affirming the trial court's dismissal of the plaintiff real estate company's tax appeal, relied on the plain language of § 12-117a, case law governing the commencement of a civil action, public policy considerations and a number of consistent trial court decisions to which, the Appellate Court reasoned, the legislature presumably had acquiesced. Id., 569–74. The appeal in the present case, as well as the appeal by the plaintiff in *Chestnut Point Realty, LLC*, followed.

The procedural history of this case, and the arguments presented on appeal, are identical to those in the companion case of *Chestnut Point Realty, LLC* v. *East Windsor*, 324 Conn. 528,    A.3d    (2017), which we also decide today. For the reasons explained in that opinion, we conclude that the Appellate Court properly affirmed the trial court's judgment dismissing the plaintiff's tax appeal as untimely.

The judgment is affirmed.

In this opinion the other justices concurred.

* This case originally was scheduled to be argued before a panel of this court consisting of Chief Justice Rogers and Justices Palmer, Eveleigh and Robinson, and Judge Mullins. Although Justice Robinson was not present when the case was argued before the court, he has read the briefs and appendices, and listened to a recording of the oral argument prior to participating in this decision.

[1] General Statutes § 12-117a provides in relevant part: "Any person . . . claiming to be aggrieved by the action of the board of tax review or the board of assessment appeals, as the case may be, in any town or city may, within two months from the date of the mailing of notice of such action, make application, in the nature of an appeal therefrom . . . to the superior court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appear before said court. Such citation shall be signed by the same authority and such appeal shall be returnable at the same time and served and returned in the same manner as is required in case of a summons in a civil action. . . ."

[2] We granted the plaintiff's petition for certification to appeal, limited to the following question: "Did the Appellate Court properly conclude that the plaintiff's property tax appeal was not timely commenced under . . . § 12-117a?" *Kettle Brook Realty, LLC* v. *East Windsor*, 319 Conn. 928, 125 A.3d 202 (2015).